Michael Rapkine (#222811)
mrapkine@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
301 North Lake Avenue, Suite 1100
Pasadena, California 91101-4158
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.
("Wells Fargo")

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CHIN KING WONG, an individual; ROBITAH MOHD-KHATIB, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a business entity; US BANK, N.A., a business entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO, PURSUANT TO 28 U.S.C. § 1332**<br><br>**[DIVERSITY JURISDICTION]** |

**TO PLAINTIFFS, THEIR COUNSEL OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

**PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A. ("Wells Fargo") submits this Notice of Removal based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1441(b) and 1332.

The action is hereby removed to this Court from the state court, as more particularly set forth below.

**1.  THE STATE COURT ACTION.**

On March 12, 2018, plaintiffs Chin King Wong and Robitah Mohd-Khatib ("plaintiffs") commenced an action in the Superior Court of the State of California for the County of Sacramento, Case No. 34-2018-00228853. (the "State Court Action".)  Wells Fargo appeared in the State Court Action by filing a demurrer attacking each cause of action in the complaint.

Following two rounds of amendment to the pleadings, plaintiffs filed the operative Second Amended Complaint ("SAC") on September 19, 2018.  Defendant Wells Fargo was served with the SAC that same day.  As briefed below, the SAC contains complete diversity of citizenship unlike the previous complaints, which makes the action removable.

A true and correct copy of the SAC filed in the State Court Action is attached hereto as Exhibit A.  Attached collectively hereto as Exhibit B are all other documents filed in the State Court Action which are in Wells Fargo's possession.

**2.  DIVERSITY OF CITIZENSHIP.**

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because plaintiffs' citizenship and that of the defendants (Wells Fargo Bank, N.A. and U.S. Bank, N.A.) is entirely diverse and the amount in controversy greatly exceeds the $75,000 jurisdictional threshold.

**A.  Plaintiffs Are Citizens of California.**

Plaintiffs are California citizens based on domicile, as they plead ownership and residency of a home located at 128 Hopper Lane, Folsom, CA 95630 – *i.e.,* the subject property in this action. (the "Property") (e.g., Comp. ¶¶ 4, 8-9.)

Plaintiffs further allege that they had been trying to obtain a foreclosure alternative under the California Homeowners' Bill of Rights (Comp. ¶¶ 10-12, 15-17, 23-24, 29-31), which applies only to owner-occupied dwellings that are the borrower's primary residence, pursuant to Civil Code § 2924.15.

A "notice of removal need only include a plausible allegation" of the plaintiff's citizenship. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (applying plausibility standard to the amount in controversy).  Upon information and belief, plaintiffs reside in California with the intention to remain indefinitely.  "A person's domicile is

her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also*, *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership is a factor in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.")

### B. Defendant Wells Fargo Bank, N.A. is a Citizen of South Dakota.

Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where it is "located." In 2006, the United States Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006).

Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. Attached hereto as <u>Exhibit C</u> are true and correct copies of the FDIC Profile and the Articles of Association for Wells Fargo Bank, National Association, as issued by the Office of the Comptroller of the Currency, Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has its main office in Sioux Falls, South Dakota. *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 715 (9th Cir. Mar. 27, 2014) ("under § 1348, a national banking association is a citizen only of the state in which its main office is located."); see also, *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011); *Mireles v. Wells Fargo Bank N.A.*, 845 F. Supp. 2d 1034, 1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for purposes of diversity.")

/ / /

/ / /

### C. Defendant U.S. Bank Is A Citizen Of Ohio.

As with Wells Fargo, U.S. Bank, N.A. ("U.S. Bank") is a national banking association. Attached hereto as <u>Exhibit D</u> is a printout from the website of the Federal Deposit Insurance Corporation, showing the history of U.S. Bank, N.A. As of September 26, 2018, the main office of U.S. Bank was located at 425 Walnut Street, Cincinnati, Ohio 45202. (Exhibit D.) A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Rouse, supra,* 747 F.3d at 715 ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located.")

Accordingly, U.S. Bank is a citizen of Ohio for the purpose of the diversity jurisdiction analysis.

### D. Summary Regarding Diversity of Citizenship.

As set forth above, complete diversity exists because plaintiffs are citizens of California, Wells Fargo is a citizen of South Dakota, and U.S. Bank is an Ohio citizen. Therefore, complete diversity of citizenship is present under 28 U.S.C. § 1332(a).

### 4. AMOUNT IN CONTROVERSY.

Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, *Fed. Civ. Proc. Before Trial* (2009), ¶ 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). Moreover, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.'" *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, *12-13 (N.D. Cal. June 29, 2010). See also, *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045, n.2 (9th Cir. 2011) (per curiam) (in an action seeking injunctive relief, the amount in controversy is measured by the value of the object of the litigation); *O'Connor v. BankUnited,* 594 Fed. Appx. 329 (9th Cir. 2015) (same).

1  Furthermore, where a complaint seeks to invalidate a loan secured by a deed of trust, the
2  amount in controversy is the loan amount. *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d
3  1022, 1028-1029 (N.D. Cal. 2010). In *Nguyen*, the plaintiff sought an order quieting title to the
4  property in his favor, which would have given this plaintiff the property free of liens or
5  encumbrances. The district court held that the loan amount, among other things, satisfied the
6  amount in controversy requirement. *Nguyen*, 749 F. Supp. 2d at 1028-1029. Similarly, in
7  *Taguinod v. World Savs. Bank*, 755 F. Supp. 2d 1064, 1068-69 (C.D. Cal. 2010), the court held
8  the amount in controversy requirement was established because the complaint sought rescision
9  of a loan.

10  Here, plaintiffs obtained a $399,999 home loan from Wells Fargo, which was
11  memorialized by a promissory note and secured by a deed of trust against the Property. (Exhibit
12  E [Deed of Trust].) The loan was assigned to U.S. Bank, N.A. on February 6, 2012. (Exhibit F
13  [Corporate Assignment of Deed of Trust].) Plaintiff defaulted on the loan, resulting in U.S.
14  Bank's commencement of foreclosure proceedings in 2012. (Exhibits G and H [Notice of
15  Default and Notice of Trustee's Sale].) As reflected in the trustee's deed upon sale recorded
16  with the Sacramento County Recorder in March 2018, the Property was sold to a third party
17  (Accelerated Realty Group) on March 6, 2018. (*See* Exhibit I [Trustee's Deed Upon Sale].) The
18  purchase price of the Property was $482,000. (Exh. I.)

19  According to plaintiffs, Wells Fargo violated Civil Code § 2924g(c)(1) by refusing to
20  postpone the trustee's sale despite an alleged agreement to do so. (e.g., Comp. ¶¶ 15-19.) It is
21  further alleged that Wells Fargo violated the California Homeowners' Bill of Rights (Civil Code
22  §§ 2924.11 and 2923.7) by failing to provide a written decision on plaintiffs' short sale
23  application and by appointing an incompetent "single point of contact" during loss mitigation
24  discussions. (e.g., Comp. ¶¶ 20-32.)

25  Based on the allegations set forth in the SAC, plaintiffs seek injunctive and declaratory
26  relief that would set aside the trustee's sale. (Prayer ¶¶ 2 & 4; see also, SAC ¶ 18: "as the sale
27  was procedurally defective, it is void and should be overturned.") In addition, plaintiffs request
28  statutory damages of at least $50,000 under the Homeowners' Bill of Rights (Comp. ¶¶ 25 &

32), along with damages for impaired credit, loss of equity in the property, and emotional distress. (e.g., Comp. ¶¶ 18 & 38.)

Should plaintiffs prevail in this action, they would obtain equitable relief that would invalidate the trustee's sale from March 2018. Such relief would result in a loss of at least the $482,000 in proceeds that Wells Fargo received from the third party purchaser at the sale. (Exh. I [Trustee's Deed].) Consequently, the amount in controversy greatly exceeds the $75,000 jurisdictional threshold.

## 5. TIMELINESS.

This removal notice is timely, pursuant to 28 U.S.C. § 1446(b), because Wells Fargo received service of process (*i.e.*, the SAC in the State Court Action) via U.S. mail, served on September 19, 2018, thereby making Wells Fargo's response due by October 24, 2018. *Destfino v. Reiswig, et al.,* 630 F.3d 952, 956 (9th Cir. 2011) ("we hold that each defendant is entitled to thirty days to exercise his removal rights after being served").

The original Complaint and the First Amended Complaint could not be removed, as they contained no federal claims and the citizenship of the parties was not entirely diverse. No diversity existed with respect to those prior complaints because Accelerated Realty Group was a named defendant -- Accelerated Realty Group is a California corporation which has since been dismissed. (*See* Exhibit B.) Thus, Wells Fargo is exercising its removal rights at the first possible opportunity.

A review of the online Sacramento County Superior Court docket indicates that U.S. Bank, N.A. has *not* been served and therefore is not yet required to appear in this action. As no doe defendants have been identified or served at this time, no joinder of unserved defendants is required to perfect removal of the State Court Action. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984).

## 6. INTRADISTRICT ASSIGNMENT.

This case is being removed to the Eastern District of California (Sacramento Division) because the existing State Court Action is pending in Sacramento County.

**7.   OTHER PERTINENT INFORMATION.**

A.   Pursuant to 28 U.S.C. § 1446(a), defendant Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

B.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and its attachments will promptly be served on plaintiffs in the State Court Action, and notice thereof will be filed with the clerk of the Sacramento County Superior Court.

**WHEREFORE**, Defendant Wells Fargo hereby removes Sacramento County Superior Court Case No. 34-2018-00228853 to the United States District Court for the Eastern District of California, Sacramento Division.

Respectfully submitted,

Dated:  October 19, 2018

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:   */s/ Michael Rapkine*
    Michael Rapkine
    mrapkine@afrct.com
    Attorneys for Defendant
    WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 North Lake Avenue, Suite 1100, Pasadena, California 91101-4158.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO, PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]**

on the interested parties in said case as follows:

**Served By Means Other Than the Court's CM/ECF System:**

*Attorneys for Plaintiffs*

Sarah Shapero, Esq.
SHAPERO LAW FIRM
One Market, Spear tower, 36th Floor
San Francisco, CA 94105

Tel: 415.293.7995 | Fax: 415.358.4116

[X] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **October 19, 2018.**

| Dionne Harvey | *[Signature]* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |