# EXHIBIT A

Sarah Shapero (Bar No. 281748)
SHAPERO LAW FIRM
One Market, Spear Tower, 36th Floor
San Francisco, California 94105
Telephone:  (415) 293-7995
Facsimile:  (415) 358-4116

Attorney for Plaintiff,
CHIN KING WONG
ROBITAH MOHD-KHATIB

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| CHIN KING WONG, an individual; ROBITAH MOHD-KHATIB, an individual<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a business entity; US BANK, N.A., a business entity; and DOES 1-50, inclusive<br><br>Defendant | Case No.: 34-2018-00228853<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. Violation of Cal. Civ. Code § 2924, et seq.<br>2. Violation of Cal. Civ. Code § 2924.11<br>3. Violation of Cal. Civ. Code § 2923.7<br>4. Violation of Cal. Civ. Code § 2923.6<br>5. Wrongful Foreclosure<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY ALLEGATIONS

1.      This is a case where Defendant WELLS FARGO acted so recklessly and egregiously in carrying out the non-judicial foreclosure of Plaintiffs' property that it shocks the conscience. In fact, Defendant WELLS FARGO completely ignored nearly every provision of the Homeowner's Bill of Rights. It is abundantly clear in this case that the sale should never have occurred and that Plaintiffs have suffered severe damage resulting from the sale. This lawsuit follows.

## JURISDICTION AND VENUE

2.  This is an action asserting violations of California State Law. These claims arise out of the same controversy or sequence of events. Plaintiffs are homeowners who bring this action as a result of Defendants' unlawful conduct concerning the mortgage loan secured by the property located at 128 Hopper Lane, Folsom, CA 95630 (hereinafter the "Property"). Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the County of Sacramento.

3.  The court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

## PARTIES

4.  At all times mentioned herein, Plaintiffs were the owners of the Property located at 128 Hopper Lane, Folsom, CA 95630.

5.  At all times mentioned herein, Plaintiffs are informed and believe and therefore allege that WELLS FARGO BANK, N.A. (hereinafter "WELLS FARGO") is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and was the servicer of Plaintiffs' loan during the operative time period herein. Plaintiffs are informed and believe and thereon allege that WELLS FARGO regularly conducts business in the State of California.

6.  At all times mentioned herein, Plaintiffs are informed and believe and therefore allege that US BANK, N.A. (hereinafter "US BANK") is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and was the beneficiary of Plaintiffs' loan during the operative time period herein. Plaintiffs are informed and believe and thereon allege that US BANK regularly conducts business in the State of California.

## AGENCY ALLEGATIONS

7.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint

2
SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

venture of each remaining Defendant. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

8. Plaintiffs CHIN KING WONG and ROBITAH MOHD-KHATIB ("Plaintiffs") at all relevant times, owned the Property located at 128 Hopper Lane, Folsom, CA 95630. The Property is a single family home and has served as Plaintiff CHIN KING WONG'S residence for the times mentioned herein. Hereafter, any mention of Plaintiff in the singular form shall refer to Plaintiff CHIN KING WONG.

9. Plaintiffs purchased the Property in or around January 1990. In or around February 2006, Plaintiffs obtained a first lien loan for the property from WELLS FARGO in the amount of $399,999.00. Defendant WELLS FARGO has been the servicer of the loan since that time. Defendant US BANK has been the beneficiary of the loan since 2012.

10. In or around January 2018, Plaintiff WONG submitted a short sale application to Defendant WELLS FARGO. Thereafter, on or around February 8, 2018, Plaintiff received confirmation from Defendant WELLS FARGO that his short sale application was pending and that there was foreclosure sale for the property had been suspended. Defendant's system took some time to update that Plaintiff's loss mitigation application had been received and did not reflect that Plaintiff was in loss mitigation review until March 2, 2018.

11. Thereafter, Plaintiff continued to submit documents to Defendant WELLS FARGO in support of his short sale request. However, Plaintiff learned that a foreclosure sale of the property was scheduled for March 6, 2018. When Plaintiff inquired about the foreclosure sale, Plaintiff's supposed SPOC, Patricia Rubalcava informed Plaintiff that any pending foreclosure sale of the property would be postponed given the pending short sale application. On March 5, 2018, when the foreclosure sale was still set for March 6, 2018, despite Ms. Rubalcava's insistence that the sale would be postponed, Plaintiff contacted Ms. Rubalcava and asked for an update on the

1  postponement of the sale.  Ms. Rubalcava emailed Plaintiff on March 5, 2018 and told Plaintiff
2  that Wells Fargo's "liquidations department requested a hard stop on the foreclosure."  Further,
3  Ms. Rubalcava informed Plaintiff that WELLS FARGO got her "report to suspend or postpone
4  the sale date."
5  12.    On March 6, 2018, Plaintiff continued to follow up with Ms. Rubalcava regarding the sale
6  of the property as it was not reflecting that it had been postponed.  Ms. Rubalcava informed
7  Plaintiff that his file had been assigned to an individual with Wells Fargo's president's office and
8  informed Plaintiff that someone from the president's office should reach out to Plaintiff.
9  Approximately one hour before the scheduled foreclosure sale, Plaintiff emailed Ms. Rubalcava
10 once more indicating that he had not heard from WELLS FARGO regarding the postponement
11 and informing Ms. Rubalcava that he was growing nervous, however, Ms. Rubalcava did not
12 respond.  He also requrested that he be provided the contact information for the president's office,
13 however, Ms. Rubalcava did not respond.  Later that afternoon, Plaintiff discovered that the
14 foreclosure sale had in fact gone forward, despite Ms. Rubalcava's insistence that it would be
15 postponed.
16 13.    Plaintiff later learned that Defendant WELLS FARGO purported to sell the property at
17 foreclosure and a Trustee's Deed Upon Sale was thereafter recorded.  This lawsuit follows.

### FIRST CAUSE OF ACTION
### Violation of Cal. Civ. Code § 2924, et seq.
(Against Defendants WELLS FARGO and US BANK)

14.    Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

15.    Plaintiffs allege that Defendants unlawfully carried out foreclosure proceedings on Plaintiffs' property in violation of Cal. Civ. Code § 2924g.

16.    Under § 2924g(c)(1), provides that by mutual agreement, whether oral or in writing, between Plaintiff and the beneficiary, the trustee sale of the property must be postponed.  Plaintiff alleges that Defendant WELLS FARGO BANK was the servicer and agent of the beneficiary, Defendant US BANK and that, as its agent, Defendant WELLS FARGO's acts in regards to the loan were taken on behalf of Defendant US BANK.  As a result, any agreement between Plaintiff

and WELLS FARGO BANK concerning the loan had the same effect as though the agreement were between Plaintiff and the beneficiary, US BANK. Therefore, when WELLS FARGO agreed to postpone the sale of the property, it was speaking on behalf of the beneficiary US BANK and had the same effect as an agreement directly from US BANK to postpone the sale.

17. Plaintiff alleges that Defendant violated its statutory obligation to postpone the foreclosure sale of the Property despite their agreement to postpone the sale of the property. As a result of Defendants' violations, Plaintiff's property was sold at a trustee's sale which he did not have sufficient notice of. Had Plaintiff had sufficient notice of the sale, Plaintiff could have and would have reinstated the loan or taken other measures to save the property

18. As a proximate result, Plaintiff lost their Property to foreclosure and lost the equity contained in the property. He has also incurred attorneys' fees and costs and suffered a loss of reputation and goodwill, destruction of credit, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court. Furthermore, as the sale was procedurally defective, it is void and should be overturned.

19. Defendant is also guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendant's actions were malicious and willful and in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct and attorneys' fees.

### SECOND CAUSE OF ACTION
**Violation of Cal. Civ. Code § 2924.11**
(Against Defendant WELLS FARGO)

20. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

21. Defendant's conduct, as alleged above, constitutes a violation of California Civil Code § 2924.11.

22. Pursuant to Cal. Civ. Code § 2924.11, "[i]f a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a

1  mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of
2  sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is
3  pending, and until the borrower has been provided with a written determination by the mortgage
4  servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative."

23. As set forth fully above, Plaintiff submitted a complete short sale application to Defendant on or around March 2, 2018. Despite this fact, Defendant caused a foreclosure sale to be held against the property on March 6, 2018.

24. Defendant's violations were material in that it is clear that Defendant did not consider Plaintiff's loss mitigation application and, instead, rushed to foreclose on Plaintiff's home – which is exactly the conduct that the legislature sought to avoid in enacting the Homeowner's Bill of Rights. Had Defendant actually considered Plaintiff's application instead of only pursuing foreclosure, it would have been clear that Plaintiff could have qualified for available loss mitigation options. Thus, if Defendant had abided by the statute and reviewed Plaintiff's application as required, the trustee sale would never have occurred.

25. Defendant's conduct has caused Plaintiff actual damages, including but not limited to the loss of his Property to foreclosure and destruction of his credit which now shows a foreclosure which could have been avoided. Plaintiff is entitled to recover actual damages and attorneys' fees. In addition, because Defendant's conduct was intentional, willful, or reckless, Plaintiff is entitled to the greater of the treble actual damages or statutory damages of fifty thousand dollars.

**THIRD CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 2923.7**
(Against Defendant WELLS FARGO)

26. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

27. Defendant's conduct, as alleged above, constitutes violations of Civil Code § 2923.7(b).

28. California Civil Code § 2923.7(b) requires that a single point of contact have access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

29. Plaintiff is informed and believes that Defendant violated California Civil Code § 2923.7(b) when it appointed a single point of contact who clearly did not have access to

1  individuals with the ability and authority to stop the sale. Prior to being appointed a SPOC,
2  Plaintiff requested that a SPOC be assigned to his loan

3  30.    In the case at hand, Plaintiff's single point of contact, Ms. Rubalcava, informed Plaintiff
4  that she had submitted a request that the sale be postponed and indicated that a hard stop on the
5  foreclosure sale had been noted in Plaintiff's account. Despite this, Plaintiff's house still sold at
6  foreclosure. Therefore, it is clear that the single point of contact appointed to Plaintiff's account
7  did not have the required access to individuals that could stop the sale of Plaintiff's property.

8  31.    Defendant's failure to provide an adequate single point of contact resulted in Plaintiff's
9  property being sold at foreclosure.

10 32.    Defendant's conduct has caused Plaintiff actual damages, including but not limited to the
11 loss of his Property to foreclosure and destruction of his credit which now shows a foreclosure
12 which could have been avoided. Plaintiff is entitled to recover actual damages and attorneys'
13 fees. In addition, because Defendant's conduct was intentional, willful, or reckless, Plaintiff is
14 entitled to the greater of the treble actual damages or statutory damages of fifty thousand dollars.

### FOURTH CAUSE OF ACTION
**Wrongful Foreclosure**
(Against Defendant WELLS FARGO and US BANK)

17 33.    Plaintiffs incorporate all allegations of this complaint and re-allege them as though they
18 were fully set forth herein.

19 34.    In California, a cause of action for wrongful foreclosure lies where there lies where there
20 is (1) a legally owed duty to Plaintiff by Defendants; (2) a breach of that duty; (3) a causal
21 connection between the breach of that duty and the injury.

22 35.    At the times relevant herein, Plaintiff was the lawful owners and possessors of the real
23 property. Defendant, the beneficiary and servicer of the loan encumbering Plaintiff's Property
24 had a legal duty to Plaintiff, created by the Deed of Trust and the California Civil Code, to
25 institute foreclosure proceedings in accordance with the Deed of Trust and the Civil Code.

26 36.    Defendant breached that statutorily and contractually created duty by instituting
27 foreclosure proceedings and selling Plaintiff's property at foreclosure while Plaintiff was being

SECOND

reviewed for loss mitigation options, in violation of Cal. Civ. Code § 2924.11 as set forth fully above.

37.   Furthermore, Defendant breached that statutorily and contractually created duty by carrying out foreclosure proceedings on Plaintiff's property without providing Plaintiff with the requisite notice in violation of Cal. Civ. Code § 2924g, as set forth fully above.

38.   As a proximate result, Plaintiff lost his Property to foreclosure and lost the equity contained in the property. He has also incurred attorneys' fees and costs and suffered a loss of reputation and goodwill, destruction of credit, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.

39.   Defendants are also guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendants' actions were malicious and willful and in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct and attorneys' fees.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

**DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs CHIN KING WONG and ROBITAH MOHD-KHATIB demand a trial by jury. Plaintiffs pray for judgment and order against Defendants, as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;
2. For damages, disgorgement, and injunctive relief;
3. For compensatory damages, attorneys' fees, and costs according to proof at trial;
4. For declaratory relief;
5. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;
6. For such other and further relief as the Court may deem just and proper.

DATED: September 19, 2018

Respectfully submitted,

SHAPERO LAW FIRM

*Sarah Shapero*
Sarah Shapero, Esq.
Attorney for Plaintiff
CHIN KING WONG
ROBITAH MOHD-KHATIB

Sarah Shapero (Bar No. 281748)
SHAPERO LAW FIRM
One Market, Spear Tower, 36th Floor
San Francisco, California 94105
Telephone:   (415) 293-7995
Facsimile:   (415) 358-4116

Attorney for Plaintiff,
CHIN KING WONG

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SACRAMENTO

| | |
|---|---|
| CHIN KING WONG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a business entity; ACCELERATED REALTY GROUP, a business entity; and DOES 1-50, inclusive<br><br>Defendant | Case No.: 34-2018-00228853<br><br>**PROOF OF SERVICE** |

I, SARAH SHAPERO, do declare and state:

I am over the age of 18 and am not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Market Street, Spear Tower, 36th Floor, San Francisco, CA 94105. On September 19, 2018, I served the following documents described as:

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

on the interested parties in this action as follows:

Michael Rapkine
301 N. Lake Ave., Ste. 1100
Pasadena, CA 91101

    **[X] BY UNITED STATES MAIL.** I deposited such envelope in the mail in San Francisco, California. The envelope was mailed, with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing affidavit

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed September 19, 2018 at San Francisco, California.

_/s/ Sarah Shapero_
SARAH SHAPERO